IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MICHELE LESHA XU, XIAO FENG XU,<br><br>   Plaintiffs,<br>vs.<br><br>CMH HOMES, INC., AMCAP MORTGAGE LTD.,<br><br>   Defendants. | NO. 1:23-CV-00319-MAC-ZJH |

**REPORT AND RECOMMENDATION STRIKING PLAINTIFFS' AMENDED COMPLAINTS**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 18. This court has diversity jurisdiction over this case. Plaintiffs Michele Lesha Xu and Xiao Feng Xu ("the Xus") are Texas citizens and Defendant CMH Homes, Inc. ("CMH") is a Tennessee citizen. The Xus have filed two amended complaints seeking to add AMCAP Mortgage LTD. ("AMCAP"), a Texas citizen, as a defendant. Doc. Nos. 24, 36. Therefore, AMCAP's joinder, if permitted, would destroy complete diversity and deprive this court of jurisdiction over this case.

The undersigned must determine whether to permit the Xus' amended complaints and remand this case or strike the amended complaints, dismiss AMCAP as a defendant, and retain jurisdiction over the case. After review of the two amended complaints (Doc. Nos. 24, 36), the parties' supplemental briefing addressing joinder of AMCAP (Doc. Nos. 32, 33), and the applicable law, the undersigned concludes that both of the Xus' amended complaints should be stricken.

I. **Factual and Procedural Background**

According to the facts alleged in the Xus' *Original Petition* (Doc. No. 3), the Xus purchased a mobile home from CMH in Saratoga, Texas in June 2022. Doc. No. 3 at 2. The Xus allege that

the home suffered from numerous construction defects despite CMH's assurances that construction was finished. *Id.* at 4–6, ¶¶ 22–44. The Xus assert a variety of claims against CMH arising out of construction defects with the home and CMH's handling of the real estate transaction: various fraud claims, breach of contract, negligence, breach of warranties, Texas Deceptive Trade Practices Act ("DTPA") violations, false representations, and a violation of the Residential Construction Liability Act ("RCLA"). *Id.* at 7–20. On July 13, 2023, the Xus filed their *Original Petition* in the 88th Judicial District Court of Hardin County, Texas. Doc. No. 3. On August 24, 2023, CMH removed the case to this court. Doc. No. 1.

In their *First Amended Petition*, the Xus allege that AMCAP provided them with a loan to finance the purchase of their home from CMH. Doc. No. 24 at 7–8, ¶ 56. AMCAP notified the Xus on January 9, 2024, that it had scheduled a foreclosure auction of their property for February 6, 2024. Doc. No. 24 at 7–8, ¶ 56. Over three weeks after receiving this notice and five days before the impending foreclosure proceeding, the Xus filed their *First Amended Petition* (Doc. No. 24) and a *Motion for Preliminary Injunction* (Doc. No. 25) on February 1, 2024. In the *First Amended Petition*, the Xus added AMCAP as a defendant.[1] Doc. No. 24. The Xus' *Motion for Preliminary Injunction* sought to enjoin AMCAP from conducting the foreclosure sale scheduled for February 6, 2024. Doc. No. 25. On February 2, 2024, the undersigned issued an order directing the Xus and AMCAP to meet and confer by February 5, 2024, regarding a mutually convenient time for a hearing on the Xus' *Motion for Preliminary Injunction*. Doc. No. 26. The Xus

---

[1] The Xus did not file a motion for leave to amend their complaint or any document indicating CMH's written consent to the amended complaint sufficient to satisfy FED. R. CIV. P. 15(a)(2)'s requirements. However, a court's analysis in deciding whether to permit an amended complaint that adds a nondiverse defendant whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not FED. R. CIV. P. 15(a). *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012).

represented to the court that they diligently attempted to contact counsel for AMCAP before the court's deadline, but AMCAP did not respond to their communications. Doc. No. 27.

On February 6, 2024, the undersigned held a hearing on the Xus' *Motion for Preliminary Injunction* (Doc. No. 25) where only counsel for the Xus was present. At the hearing, the undersigned instructed the Xus' counsel that if the court granted the Xus leave to amend their complaint and permitted the joinder of AMCAP as a defendant, this would destroy diversity between the parties and deprive the court of jurisdiction. The undersigned stated that the *First Amended Petition* (Doc. No. 24) gave the court a binary option: the court could either permit the amended complaint and remand the case to state court or strike the amended complaint and dismiss AMCAP as a party. Neither option would allow the undersigned to grant the requested injunctive relief. The undersigned instructed the Xus that the court would allow them to file a second amended complaint by Friday, February 9, 2024, dismissing AMCAP as a defendant. The Xus did not file a second amended complaint by that deadline.

On February 16, 2024, the undersigned issued an *Order Requesting Supplemental Briefing* (Doc. No. 31) asking the parties to address the four factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) as they pertain to Plaintiff's *First Amended Petition* (Doc. No. 24) and the joinder of AMCAP as a defendant. The Xus filed their brief on February 21, 2024 (Doc. No. 32), and CMH filed its brief on February 22, 2024 (Doc. No. 33). Nearly two months later, the Xus filed a *Second Amended Complaint* (Doc. No. 36), again naming AMCAP as a defendant. On May 1, 2024, CMH filed an answer to the *Second Amended Complaint* (Doc. No. 39).

## II. Discussion

### A. Legal Standards Governing Joinder of a Nondiverse Defendant After Removal

Federal district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). This statute has been interpreted to require "complete diversity," which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Here, the Xus are Texas citizens. Doc. No. 24 at 2; Doc. No. 36 at 2. By adding AMCAP as a defendant, which is also a Texas citizen, the Xus' amended complaints would destroy complete diversity.

When a plaintiff seeks to join a nondiverse defendant after the case has been removed, as the Xus do here, a district court's analysis is governed by 28 U.S.C. § 1447(e), which states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See Anzures*, 886 F. Supp. 2d at 562. Thus, the undersigned has a binary choice regarding the Xus' amended complaints: (1) permit the amended complaints and remand the case to state court, or (2) strike the amended complaints, dismiss AMCAP as a defendant, and retain jurisdiction over the case. "These are the district court's *only* options; the court may not permit joinder of non-diverse defendants but then decline to remand." *Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 769–70 (S.D. Tex. 2016) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (internal quotations omitted). A district court should use its discretion in deciding whether to allow the party to be added and should scrutinize such an amendment more closely than an ordinary amendment. *Hensgens*, 833 F.2d at 1182.

4

In deciding whether to permit the joinder of a nondiverse defendant after removal, courts in the Fifth Circuit consider four factors set forth in *Hensgens*: (1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction, (2) whether the plaintiff has been dilatory in asking to amend, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other special equitable factors. *Id.* Courts use these factors to balance the plaintiff's interest in avoiding parallel litigation in state and federal court with the defendant's interest in being in a federal forum. *Id.*

### B. Application of the *Hensgens* Factors to the Xus' Amended Complaints

#### 1. Purpose of the Amendment

According to the Xus, the purpose of their amended complaints was to request injunctive relief from an impending foreclosure sale by AMCAP. Doc. No. 32 at 2. Plaintiffs contend that they did not know it would be necessary to pursue claims against AMCAP at the time of removal. *Id.* The Xus contend they had "no knowledge" of "AMCAP's intentions to ignore the pending litigation" over the home and to pursue foreclosure against them. *Id.* In response, CMH contends that any need for AMCAP to be added as a defendant is now moot because the foreclosure sale that the Plaintiffs sought to enjoin has already occurred. Doc. No. 33 at 2. Moreover, CMH contends that the Xus' first amended complaint asserted no claims against AMCAP, and thus, there could be no possible basis for injunctive relief against AMCAP without an underlying claim. *Id.*

Courts examine several considerations when analyzing the first *Hensgens* factor. One such consideration is whether a plaintiff states a valid claim against the nondiverse defendant. *Agyei*, 198 F. Supp. 3d at 770; *Anzures*, 886 F. Supp. 2d at 564. "When a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing that defendant into a litigation is to destroy diversity jurisdiction." *Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-

5

CV-452, 2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020) (internal alterations omitted). In determining whether a plaintiff has stated a "valid claim," courts ask whether the plaintiff's cause of action is "facially valid" or "valid as a matter of law." *Agyei*, 198 F. Supp. 3d at 771.

The undersigned agrees with CMH that the Xus fail to state a valid claim against AMCAP in either their *First Amended Petition* (Doc. No. 24) or their *Second Amended Complaint* (Doc. No. 36). The Xus' amended complaints are nearly identical to the *Original Petition* (Doc. No. 3), except for naming AMCAP as a defendant and briefly describing the impending foreclosure sale.[2] The Xus made no substantive alterations to any of the claims alleged in either amended complaint with respect to AMCAP, nor can the undersigned discern any specific causes of action against AMCAP. Accordingly, the undersigned finds that the Xus have not alleged a valid cause of action against AMCAP. *See Gallegos v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding that the plaintiff failed to state a valid claim against the joined non-diverse defendant where the only substantive changes in the amended complaint were adding the defendant and changing references to the "defendant" to the "defendants").

The only discernable claim that the Xus seek against AMCAP is a vague request for injunctive relief in their *Motion for Preliminary Injunction* (Doc. No. 25). However, this request fails because the Xus have failed to allege any underlying cause of action against AMCAP. "Federal courts recognize an injunction is a remedy, not a separate claim or cause of action; a pleading can request injunctive relief in connection with a substantive claim, but a separately plead

---

[2] The only differences between the Xus' *Original Petition* (Doc. No. 3) and the Xus' *First Amended Petition* are that the Xus list AMCAP as a defendant (Doc. No. 24 at 1–2) and describe the impending foreclosure sale scheduled by AMCAP (Doc. No. 24 at 7–8, ¶¶ 56–57). The *First Amended Petition* is completely devoid of any specific causes of action alleged against AMCAP. The Xus' *Second Amended Complaint* (Doc. No. 36) is identical to the *First Amended Petition* regarding its references to AMCAP. *See* Doc. No. 36 at 1–2, 7–8, ¶¶ 53–54. The *Second Amended Complaint* is also completely devoid of specific causes of action alleged against AMCAP.

claim or cause of action for injunctive relief is inappropriate." *Doe v. Univ. of N. Texas*, No. 4:18CV17, 2018 WL 6495084, at *9 n.10 (E.D. Tex. Nov. 20, 2018), *report and recommendation adopted sub nom. Jon Unt-Rs Doe v. Univ. of N. Texas*, No. 4:18CV17, 2018 WL 6446469 (E.D. Tex. Dec. 10, 2018). Thus, to seek any type of injunctive relief, the Xus "must first plead a facially meritorious underlying cause of action." *Loving v. Fed. Nat. Mortg. Ass'n*, No. 3:13-CV-0847-N-BK, 2013 WL 3878682, at *2 (N.D. Tex. July 29, 2013). Because the Xus have failed to do so in either amended complaint, their request for injunctive relief fails. Accordingly, the undersigned concludes that the Xus' *Motion for Preliminary Injunction* (Doc. No. 25) should be denied.

Another consideration courts examine in assessing this factor is whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed. *Agyei*, 198 F. Supp. 3d at 770. The Xus filed their state court petition on July 13, 2023. Doc. No. 3. The Xus purchased their home from CMH on June 2, 2022. *Id.* at 2, ¶ 6. The facts alleged in the Xus' *Original Petition* (Doc. No. 3), two amended complaints (Doc. Nos. 24, 36), or the parties' supplemental briefing (Doc. Nos. 32, 33) do not indicate the specific date on which the Xus first learned AMCAP's identity. Without specific facts indicating the date on which AMCAP provided the Xus with a home loan, the undersigned cannot conclude that the Xus knew or should have known AMCAP's identity when their state court suit was filed.[3]

In sum, regarding the first *Hensgens* factor, the undersigned finds that the primary purpose of the Xus' two amended complaints was to defeat federal jurisdiction. The Xus alleged no specific causes of action against AMCAP other than their vague requests for some form of injunctive relief. *See* Doc. No. 25. At bottom, the Xus' reason for adding AMCAP as a defendant was to seek

---

[3] However, the facts suggest that at some point in the home purchasing process, AMCAP provided the Xus with a home loan and ultimately sought to foreclose on that loan. Doc. No. 25 at 1–2. It is unclear whether AMCAP provided the loan to finance the original purchase in June 2022. If so, the Xus certainly knew the identity of AMCAP when their state court suit was filed in July 2023.

7

injunctive relief to stop the impending foreclosure sale of their property. This court, which has jurisdiction over this case based on diversity, is without jurisdiction to grant injunctive relief against AMCAP, a non-diverse defendant. Even if the undersigned found for the Xus and permitted the amended complaints, the court would have no choice but to remand the case. Because the only way that the Xus could obtain the relief they sought would be for this court to remand the case, the undersigned finds that the purpose of adding AMCAP as a defendant was to divest this court of jurisdiction. Accordingly, the first *Hensgens* factor weighs strongly toward striking the Xus' two amended complaints.

### 2. Dilatoriness of the Amendment

The second *Hensgens* factor is whether the plaintiff was dilatory in seeking leave to amend. 833 F.2d at 1182. In analyzing this factor, courts look to "(i) the amount of time between the original state court action and the request to amend, and the time between removal and the request; and (ii) the stage of the proceedings at the time of the amendment." *Agyei*, 198 F. Supp. 3d at 776. "Generally speaking, a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Cinco Bayous*, 2020 WL 4922329, at *4.

The Xus filed their *First Amended Petition* (Doc. No. 24) over six months after the state court petition was filed and over five months after removal. *See* Doc. Nos. 1, 3. The Xus filed their *Second Amended Complaint* (Doc No. 36) nine months after the state court petition was filed and almost eight months after removal. Some district courts in the Fifth Circuit have found comparable delays in the filing of an amended complaint to be not dilatory. *See*, *e.g.*, *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (finding plaintiff was not dilatory where he filed leave to amend six months after filing suit in state court

and 30 days after removal and no scheduling order had been entered); *Agyei*, 198 F. Supp. 3d at 776–77 (finding that amended complaint was not dilatory when filed three months after the state court suit and a month and a half after removal and no pretrial or trial dates had been scheduled); *Kingdom Grp. Invs. v. Lakeview Loan Servicing, LLC*, No. 4:22-CV-830-SDJ-KPJ, 2023 WL 7105696, at *4 (E.D. Tex. Sept. 1, 2023), *report and recommendation adopted as modified*, No. 4:22-CV-830-SDJ, 2024 WL 1559286 (E.D. Tex. Apr. 10, 2024) (finding that a four-month delay between removal and plaintiff filing its amended complaint was not dilatory where no scheduling order had been entered).

However, there is a significant distinction between those cases and the facts here: in each of the above cases, the amended complaint was filed before the court entered a scheduling order while the case was still at the pleading stage. In contrast, here, the undersigned entered a *Scheduling Order* (Doc. No. 19) on November 6, 2023. The Xus' *First Amended Petition* (Doc. No. 24) was filed three months after the scheduling order and on the very last day to add new parties provided in the scheduling order. Their *Second Amended Complaint* (Doc. No. 36) was filed five months after the scheduling order was entered, and over two months after the deadline to add new parties. Additionally, the amended complaints were filed months after CMH's pending *Motion to Compel Arbitration* (Doc. No. 5), which was filed on October 10, 2023. The undersigned finds that this case had progressed beyond the pleading stage at the time the Xus filed their amended complaints.

Though the exact date on which the Xus became acquainted with AMCAP is unclear, the undersigned finds that the Xus likely knew of AMCAP well in advance of filing their amended complaints. If the Xus had a valid cause of action to assert against AMCAP, they had ample time to properly do so and seek accompanying injunctive relief prior to their eleventh-hour attempt to

9

enjoin foreclosure proceedings. The undersigned finds that the Xus were dilatory in asserting any potential rights they may have against AMCAP. Accordingly, the second *Hensgens* factor weighs toward striking the Xus' amended complaints.

### 3. Injury to the Plaintiffs if the Amendment is Not Allowed

The third *Hensgens* factor is whether the plaintiff will suffer injury if amendment is not permitted. 833 F.2d at 1182. In assessing this factor, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos*, 2009 WL 4730570, at *5. The Xus have not alleged any facts indicating that CMH is insolvent or would otherwise be unable to satisfy a future judgment. *See Cantrell v. Gaddie*, No. 1:19-CV-288, 2020 WL 13532895, at *5 (E.D. Tex. May 11, 2020) (finding that the third *Hensgens* factor weighed against granting leave to amend where plaintiff did not allege that defendants would be unable to satisfy a possible judgment); *Anzures*, 886 F. Supp. 2d at 565 (same); *Adams v. State Farm Lloyd's, Inc.*, No. 1:07-CV-216, 2008 WL 906256, at *2 (E.D. Tex. Mar. 31, 2008) (same).

Courts also examine "whether the plaintiff could recover against the proposed nondiverse defendant." *Id.* (citing *Aaron Irigoyen & Rosie Irigoyen, Plaintiffs, v. State Farm Lloyds, Defendant.*, No. CA-C-03-324-H, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004)). The Xus have not demonstrated that they can recover against AMCAP because they have failed to allege any specific cause of action against AMCAP in either amended complaint. *See* Doc. Nos. 24, 36.

Additionally, courts consider "whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiff." *LJH, Ltd. v. Comerica Inc.*, No. 4:15-CV-639, 2016 WL 69912, at *3 (E.D. Tex. Jan. 6, 2016); *see also Hensgens*, 833 F.2d at 1182. The undersigned finds that there is no potential for parallel

proceedings here because the Xus' claims against CMH arise from different factual circumstances than any potential claims against AMCAP. The Xus' claims against CMH arise from CMH's construction of the home and the real estate transaction between the Xus and CMH. While the Xus failed to allege any specific claims against AMCAP, any such claims would likely arise out of AMCAP's handling of the Xus' home loan. The Xus fail to provide any reasons in their supplemental briefing why they could not continue proceeding against CMH in federal court and separately against AMCAP in state court, or why doing so would be inefficient, a waste of judicial resources, or unjust.

In sum, because there is no indication CMH could not satisfy a future judgment, the Xus have not shown that they could recover against AMCAP, and there is no danger of parallel proceedings, the third *Hensgens* factor weighs toward striking the Xus' amended complaints.

### 4. Other Equitable Factors

The fourth *Hensgens* factor requires courts to consider "any other factors bearing on the equities." 833 F.2d at 1182. One equitable factor courts consider is "whether granting leave to amend would deprive a defendant of a properly invoked federal forum." *Agyei*, 198 F. Supp. 3d at 777. Additionally, courts consider whether denying leave to amend would result in parallel state court proceedings. *Id.* Courts have noted that neither of these factors "truly constitute[] an 'other equitable factor' because [they are] inherently part of the other three factors." *Cinco Bayous*, 2020 WL 4922329 at *6 (citing *Gallegos*, 2009 WL 4730570 at *5).

The Xus have not identified any equitable factors or other unique circumstances not already addressed in the analysis above. The undersigned finds that by timely removing this case, CMH properly invoked the federal forum, and permitting the Xus' amended complaints would deny CMH the federal forum they desire. Additionally, as stated above, the Xus have not addressed

whether denying the amended complaints would result in parallel state court proceedings, and the undersigned finds no risk of parallel proceedings if the amended complaints were stricken. The undersigned discerns no other factors bearing on the equities. Accordingly, the fourth *Hensgens* factor weighs toward striking the Xus' amended complaints.

### III. Conclusion

The undersigned finds that all four *Hensgens* factors support striking the Xus' two amended complaints. Accordingly, the undersigned recommends that Plaintiffs Michele Lesha Xu and Xiao Feng Xu's *First Amended Petition* (Doc. No. 24) and *Second Amended Complaint* (Doc. No. 36) be **STRICKEN.**

The undersigned further recommends that Plaintiffs' *Motion for Preliminary Injunction* (Doc. No. 25) be **DENIED.**

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge

of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge